IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. 5:23-cv-129

| | |
|---|---|
| DEMETURIS JEFFERIES, *Plaintiff*, v. J.R. LEONARD CONSTRUCTION CO., *Defendant.* | **COMPLAINT AND JURY DEMAND** |

Plaintiff Demeturis Jefferies, through his counsel, the law firm of Williams & Ray, PLLC, for his Complaint against J.R. Leonard Construction Co. and alleges the following:

## I. STATEMENT OF THE CASE

1. Demeturis Jefferies ("Plaintiff" or "Mr. Jefferies"), was formerly employed by J.R. Leonard Construction Co. ("J.R. Leonard" or "Defendant") as a Construction Site Superintendent Trainee. Defendant incorrectly classified Plaintiff as a salaried employee who was exempt from overtime wages. Because Plaintiff regularly worked more than 40 hours per week, Defendant therefore failed to pay overtime wages. After complaining to Defendant that he was owed overtime wages, Plaintiff was terminated.

2. Defendant this violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the North Carolina Wage and Hour Act (the "NCWHA"), N.C. Gen. Stat. Ann. § 95-25.1 *et seq*.

3. Defendant violated the FLSA and the NCWHA, because those law require employers to pay their non-exempt employees one-and-one-half times each employee's regularly rate of pay for each hour worked beyond forty in a given workweek. Additionally the FLSA prohibits retaliation from, among other things, reporting issues related to overtime pay.

## II. JURISDICTION AND VENUE

4. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331; this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

5. Plaintiff respectfully request that this Court exercise supplemental jurisdiction over his claim under North Carolina law, pursuant to 28 U.S.C. §1367.

6. Venue is proper, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to the claims occurred in the Western District of North Carolina, Defendant is registered to do business in the State of North Carolina, and it conducts substantial business in the State of North Carolina.

## PARTIES

7. Plaintiff, Demeturis Jefferies, is a citizen and resident of Cabarrus County, North Carolina.

8. At all relevant times, Defendant J.R. Leonard Construction Co. was an employer engaging in an industry affecting commerce, employed more than two employees, and had annual dollar volume of business of at least $500,000. Defendant J.R. Leonard Construction Co.'s principal and registered office is located at 130 Houston Road, Troutman, NC 28166-8740 and service can be effectuated at its registered office by serving process on James R. Leonard.

## FACTUAL BACKGROUND

9. Defendant is a construction company that provides nonresidential construction in various states including North Carolina, Virginia, Florida, and Georgia.

10. Plaintiff was hired by Defendant on August 11, 2021 as a construction site superintendent trainee. Prior to his hiring, Plaintiff was given an employment offer letter that indicated Plaintiff would be paid a fixed starting salary of $57,000.00/year with an adjustment to

$60,000.00/year after 6 months of continuous successful employment with Defendant. The employment offer letter also identified his job duties as:

   a. overseeing and assisting all aspects of building these CNG projects including surveying, grading, drainage, erosion control, paving, curb and gutter, site specific items, and all CNG fuel systems installations as dictated by the site and plans for various construction projects.

   b. Working hand in hand with the company owner, other company project managers, civil engineers, and company architect as needed in order for all site and building work to be carried out with success.

   c. assisting the projects managers and project coordinator with plan takeoffs, obtaining proposals from vendors and material suppliers, negotiating subcontracts, and assisting other employees within the company whenever the job dictates your assistance.

11. Despite his title, Plaintiff has spent virtually all his time at work for Defendant performing manual labor.

12. Ordinally, Plaintiff was assigned to a jobsite by himself or with one other employee. Occasionally, Plaintiff was joined at the jobsite by a superintendent who directed Plaintiff's work.

13. All of Plaintiff's responsibilities, and the manner in which these responsibilities were to be conducted, were dictated and directed by a superintendent. Indeed, Plaintiff had no authority or autonomy to control or direct other employees.

14. Moreover, Plaintiff has no managerial responsibilities and most, if not all, of his work is manual "blue-collar" type labor.

15. Contrary to his title, Plaintiff received no training and was never moved into a superintendent position.

16. In addition to performing manual "blue collar" type labor, Plaintiff was also required to drive to the jobsite – some jobsites were more than eight hours away from Defendant's office.

17. Plaintiff's actual job duties illustrate that his position is not a position that is exempt from overtime pay under the FLSA or the NCWHA.

18. While working for Defendant, Plaintiff consistently worked over 40 hours per week and during many weeks, he would work between 50 and 60 hours, including work on the weekend.

19. Because Defendant conducted work in states other than North Carolina, Plaintiff was required to drive to these remote locations. In those instances, Plaintiff would drive to the jobsite early on Monday morning and would return home late Friday evening.

20. Because Defendant classified Plaintiff as a salary exempt employee, it did not pay him overtime for the hours worked in excess of 40 each week.

21. Because Defendant classified Plaintiff as a salary exempt employee, it did not pay him overtime for time spent driving to and from jobsites when that time resulted in him working in excess of 40 each week.

22. On February 2, 2023, through counsel, Mr. Jefferies sent a letter to Defendant in which he complained of not being paid overtime.

23. Defendant was upset that Mr. Jefferies complained about his lack of overtime pay.

24. Almost immediately after Mr. Jefferies complained of his lack of overtime pay, his shift was adjusted such that he only worked eight hours per day. However, despite adjusting the shift, Defendant continued to require Plaintiff to drive to and from the remote job locations without any overtime compensation when the drive time resulted in the Plaintiff working over 40 hours in that given week.

25. In April 2023, Defendant informed Plaintiff that he was going to be laid off as soon as his current project was completed. Defendant's purported reason for the impending termination was a reduction in force due to lack of work.

26. In April 2023, prior any official notification of termination, Plaintiff was involved in a workplace accident that resulted in Plaintiff being unable to work for approximately three months. During that time, Plaintiff remained employed but being treated under Workers Compensation.

27. On July 14, 2023, Plaintiff was released back to work without restrictions. Immediately after receiving the news of his release, Plaintiff contacted Human Resources to inquired about a return.

28. Between July 14, 2023 and August 16, 2023, despite attempts from Plaintiff and Plaintiff's counsel seeking reinstatement or official word on Plaintiff's employment status, Plaintiff was not returned to work. During these communications, agents for the Defendant asserted Plaintiff was not being returned to his job due to a "lack of work." Thus, Plaintiff was constructively discharged effective July 14, 2023.

29. Defendant's "lack of work" excuse is pretextual for multiple reasons. First, in April, Defendant had other jobs that Plaintiff could have worked on. Second, on information and belief, between April and July 2023, Defendant secured additional jobs that Plaintiff could have worked on after he was returned to work by his workers compensation doctor. However, because Plaintiff complained about overtime wages, and because Defendant did not want to pay Plaintiff overtime wages, it decided to terminate Plaintiff's employment as soon as he was able to return to work.

### CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Plaintiff incorporates the foregoing paragraphs by reference herein.

31. Plaintiff was, at all relevant times, an employee of Defendant pursuant to 29 U.S.C. § 203(e).

32. During all times relevant to this action, the named Plaintiff was employed by Defendant as defined by 29 U.S.C. § 203(g).

33. During all times relevant to this action, Defendant was Plaintiff's employer pursuant to 29 U.S.C. § 203(d).

34. During all times relevant to this action, Plaintiff was employed by the Defendant in an "enterprise engaged in commerce" as defined by 29 U.S.C. § 203(s)(1).

35. Upon information and belief, Defendant had annual gross revenues in excess of $500,000 and employed two or more persons, including the Plaintiff who engaged in commerce as defined by 29 U.S.C. § 203 (c) and (s)(1).

36. Between August 2021 and April 2023, Plaintiff regularly worked more than 40 hours in a week for Defendant and was not paid any overtime wages.

37. Defendant's failure to pay Plaintiff his overtime wages constituted a willful violation of the Fair Labor Standards Act because, among other reasons, Defendant knew Plaintiff was working overtime but nevertheless failed to pay Plaintiff for his overtime worked. Moreover, Defendant knew, or with a reasonable inquiry could have known, that Plaintiff's job did not fall into any statutory exemption from overtime wages.

38. Defendant is liable to Plaintiff for unpaid overtime wages, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff incorporates the foregoing paragraphs by reference herein.

40. After Plaintiff communicated with Defendant regarding Defendant's failure to pay him overtime wages, Defendant responded in a retaliatory fashion by threatening to and eventually terminating Plaintiff's employment.

41. Defendant's purported reason for terminating Plaintiff's employment was pretextual.

42. As a result of the illegal termination, Plaintiff as suffered damages including lost wages and benefits.

### THIRD CLAIM FOR RELIEF
### BREACH OF THE NORTH CAROLINA WAGE AND HOUR ACT

43. Plaintiff incorporates the foregoing paragraphs by reference herein.

44. Plaintiff was, at all relevant times, an employee of Defendant pursuant to N.C. Gen. Stat. Ann. § 95-25.2.

45. During all times relevant to this action, the named Plaintiff was employed by Defendant as defined by N.C. Gen. Stat. Ann. § 95-25.2.

46. During all times relevant to this action, Defendant was Plaintiff's employer pursuant to N.C. Gen. Stat. Ann. § 95-25.2.

47. Between August 2021 and April 2023, Plaintiff regularly worked more than 40 hours in a week for Defendant and was not paid any overtime wages.

48. Defendant's failure to pay Plaintiff his overtime wages was not done in good faith and the Defendant did not have reasonable grounds to believe that its failure to pay overtime wages complied with the NCWHA because, among other reasons, Defendant knew Plaintiff was working overtime but nevertheless failed to pay Plaintiff for his overtime worked. Moreover, Defendant knew, or with a reasonable inquiry could have known, that Plaintiff's job did not fall into any statutory exemption from overtime wages.

49. Defendant is liable to Plaintiff for unpaid overtime wages, liquidated damages, interest from the day overtime was due, attorneys' fees, and costs pursuant to N.C. Gen. Stat. Ann. § 95-25.22.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant and award the following:

(a) Unpaid overtime wages;

(b) Liquidated damages and penalties;

(c) Interest;

(d) Costs and attorneys fees;

(e) Such other and further relief as the Court deems just and proper.

This date, Wednesday, August 16, 2023.

**Williams & Ray, PLLC:**
*Attorneys for Plaintiff*

_____
Adam Ray
Attorney at Law
  Bar No.: 57035
  Williams & Ray, PLLC
  555 Fayetteville St., Ste. 201
  Raleigh, NC 27601
  Phone:  (888) 315-3841
  Fax:    (303) 502-5821
  Email:  aray@williamsray.com

Plaintiff's Address
Demeturis Jefferies
1912 Duke Adam St.

Kannapolis, NC 28083