IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. 5:23-cv-129-KDB-DCK

| | |
|---|---|
| DEMETURIS JEFFERIES;<br><br>*Plaintiff,*<br><br>v.<br><br>J.R. LEONARD CONSTRUCTION CO.,,<br><br>*Defendant.* | **JOINT MOTION TO APPROVE SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT** |

Plaintiff Demeturis Jefferies and Defendant JR Leonard Construction Co., (together the "Parties"), jointly move this Court for an Order approving the waiver, release, and settlement agreement (the "Settlement Agreement") attached hereto as **Exhibit A**. In support of the Motion the Parties state as follows:

1. This is an employment action in which Plaintiff has asserted a wage and hour claim against the Defendant, his former employer. The primary claim stated in Plaintiff's pleadings is for failure to pay overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Specifically, Plaintiff alleged that he was misclassified as a salary exempt employee and, as a result, was not paid overtime for hours he worked in excess of 40 each workweek. Plaintiff further claims that the Defendant's alleged violation was willful and not based on any reasonable interpretation of the FLSA. Plaintiff alleged that he worked between 50 and 60 hours per week during his employment thus entitling him to unpaid overtime wages, liquidated damages in the same amount as back wages, and attorneys' fees.

2. Defendants, on the other hand, dispute that Plaintiff was misclassified and, in the event he was indeed misclassified, the misclassification was not done willfully. Defendant also

vigorously disputes that Plaintiff worked more than 40 hours in a work week, let alone the amount of overtime claimed by Plaintiff.

3. Plaintiff's Complaint and Jury Demand has not yet been responded to by the Defendant. However, in advance of that response, the parties voluntarily engaged in production of documents. Specifically, Defendant produced detailed time records that tracked Plaintiff's daily work during 2022 and 2023.

4. Settlement of FLSA claims is encouraged but requires Court approval to ensure that it is a fair and reasonable resolution of a *bona fide* dispute. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 371 (4th Cir. 2005). In determining whether to grant approval, the Court should consider whether the settlement is fair and reasonable based on: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery." *In re Dollar Gen. Stores FLSA Litig.*, No. 5:09-MD-1500, 2011 WL 3904609, at *2 (E.D.N.C. Aug. 23, 2011 (citations and quotation marks omitted). Here, all five factors militate in favor of settlement.

5. **Extent of Discovery**. As discussed above, although the case is in its infancy, the Parties have exchanged numerous documents which have significantly narrowed the dispute and has permitted the Parties to better understand the strengths and weaknesses of their various positions.

6. **Stage of Proceedings**. The Defendant is on the verge is filing a responsive pleading and from there the Parties are prepared to engage in more significant written discovery. The voluntary disclosures that have occurred have also made clear that numerous depositions

would need to be taken, followed by expensive dispositive motions practice and, if necessary trial practice. Accordingly, it is sensible for the parties to settle the case before incurring those extensive expenses.

7. **Fraud or Collusion**. There is no fraud or collusion in this settlement. Rather, it is the product of protracted discussions and negotiations that began even before the lawsuit was filed and only recently concluded.

8. **Experience of Plaintiff's Counsel.** Plaintiffs' counsel, Adam W. Ray, has been practicing for eight (8) years, during which he has represented plaintiffs and defendants in numerous types of litigation, including multiple different plaintiffs in FLSA and other wage and hour actions. He is an experienced trial attorney and well-suited to evaluate his client's claims in this case.

9. **Probability of Success / Potential Recovery.** The settlement amount of $44,598 for Plaintiff (after accounting for attorneys' fees and costs), represents full recovery of the amount of lost wages alleged by the Plaintiff over the course of his employment according to the documents voluntarily disclosed in this matter. This amount properly recognizes Plaintiff's potential, but far from certain, success on his FLSA claim and/or NCWHA claim. It also properly recognizes the risk associated with the allegations related to willfulness or bad faith on the part of Defendants that would justify an issuance of liquidated damages. It also recognizes and provides consideration for a full release of any other potential claims, whether asserted in this action or not.

10. In light of the factors discussed above, the Settlement Agreement represents a fair, reasonable, and arms-length compromise of Plaintiff's FLSA claim, NCWHA claim, and any and all other potential claims. Accordingly, it is the Parties' desire that the Settlement Agreement be approved so that the settlement may be consummated, and this action may be dismissed with prejudice.


would need to be taken, followed by expensive dispositive motions practice and, if necessary trial practice. Accordingly, it is sensible for the parties to settle the case before incurring those extensive expenses.

7. **Fraud or Collusion**. There is no fraud or collusion in this settlement. Rather, it is the product of protracted discussions and negotiations that began even before the lawsuit was filed and only recently concluded.

8. **Experience of Plaintiff's Counsel.** Plaintiffs' counsel, Adam W. Ray, has been practicing for eight (8) years, during which he has represented plaintiffs and defendants in numerous types of litigation, including multiple different plaintiffs in FLSA and other wage and hour actions. He is an experienced trial attorney and well-suited to evaluate his client's claims in this case.

9. **Probability of Success / Potential Recovery.** The settlement amount of $44,598 for Plaintiff (after accounting for attorneys' fees and costs), represents full recovery of the amount of lost wages alleged by the Plaintiff over the course of his employment according to the documents voluntarily disclosed in this matter. This amount properly recognizes Plaintiff's potential, but far from certain, success on his FLSA claim and/or NCWHA claim. It also properly recognizes the risk associated with the allegations related to willfulness or bad faith on the part of Defendants that would justify an issuance of liquidated damages. It also recognizes and provides consideration for a full release of any other potential claims, whether asserted in this action or not.

10. In light of the factors discussed above, the Settlement Agreement represents a fair, reasonable, and arms-length compromise of Plaintiff's FLSA claim, NCWHA claim, and any and all other potential claims. Accordingly, it is the Parties' desire that the Settlement Agreement be approved so that the settlement may be consummated, and this action may be dismissed with prejudice.

Error! Unknown document property name.

This date, October 17, 2023.

**Williams & Ray, PLLC:**
*Attorneys for Plaintiff*

/s/ Adam W. Ray
Adam W. Ray
Attorney at Law
  Bar No.: 57035
  Williams & Ray, PLLC
  555 Fayetteville St., Ste. 201
  Raleigh, NC 27601
  Phone:   (888) 315-3841
  Fax:     (303) 502-5821
  Email:   aray@williamsray.com

**McAngus Goudelock & Courie:**
*Attorneys for Defendant*

/s/ Amy Jenkins
Amy Jenkins
Attorney at Law
  Bar No.: 20007
  McAngus Goudelock & Courie
  735 Johnnie Dodds Blvd. Ste 200
  Mt. Pleasant, SC 29464
  Phone: (843) 576-2900
  Email: amy.jenkins@mgclaw.com

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the original and/or a copy of the foregoing **JOINT MOTION TO APPROVE SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT** was served in this action on the date indicated below by the Court's CM/ECF filing system and by electronic mail, addressed as follows:

> Amy Jenkins
> McAngus Goudelock & Courie
> 735 Johnnie Dodds Blvd. Ste 200
> Mt. Pleasant, SC 29464
> Phone: (843) 576-2900
> Email: amy.jenkins@mgclaw.com

This date, October 17, 2023

**Williams & Ray, PLLC:**
*Attorneys for Plaintiff*

/s/ Adam W. Ray
Adam W. Ray
Attorney at Law
  Bar No.: 57035
  Williams & Ray, PLLC
  555 Fayetteville St., Ste. 201
  Raleigh, NC 27601
  Phone:  (888) 315-3841
  Fax:    (303) 502-5821
  Email:  aray@williamsray.com